UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CONGREGATION JESHUAT ISRAEL,   :
:
          Plaintiff,   :
:
          v.   :   C.A. No. 12-822M
:
CONGREGATION SHEARITH ISRAEL,   :
:
          Defendant.   :

## DEFENDANT CONGREGATION SHEARITH ISRAEL'S REPLY IN SUPPORT OF ITS MOTION TO CONFORM SHEARITH ISRAEL'S AMENDED ANSWER AND COUNTERCLAIMS TO THE EVIDENCE ADDUCED AT TRIAL

Deming E. Sherman (#1138)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI  02903
Tel.: (401) 274-9200
Fax: (401) 276-6611
E-mail: Deming.Sherman@lockelord.com

Louis M. Solomon (Admitted *Pro Hac Vice*)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY  10281
Tel.: (212) 504-6600
Fax: (212) 504-6666
E-mail: Louis.Solomon@cwt.com

*Attorneys for Defendant
Congregation Shearith Israel*

July 27, 2015

Defendant Congregation Shearith Israel ("Shearith Israel") respectfully submits this Reply in support of its Motion under Fed. R. Civ. P. 15(b) and LR Cv 15 to conform its Amended Answer and Counterclaims to the evidence adduced at trial (ECF No. 92).

## INTRODUCTION

Shearith Israel's motion to conform its pleadings to the evidence adduced at trial is timely and proper. Indeed, as Shearith Israel's motion shows (and Congregation Jeshuat Israel ("CJI") fails to so much as address), a party's pleadings are considered automatically amended to include all issues tried by consent of the parties, without the need formally to amend. *Sullivan v. Young Bros. & Co.*, 91 F.3d 242, 248 (1st Cir. 1996). Accordingly, the principal reason for Shearith Israel's motion is not to correct the record but rather to put an end to CJI's ongoing smear campaign, in which CJI continues to mischaracterize to the public Shearith Israel's position, views, and goals in a desperate (but fruitless) effort to overcome the total absence of evidence actually supporting CJI's claims and defenses. CJI appears to believe that disinformation and distortions of the record can substitute for proper evidence and relevant caselaw.

Indeed, CJI's opposition to Shearith Israel's straightforward procedural motion should itself give the Court reason to question CJI's motives. There is no conceivable reason for CJI to oppose Shearith Israel's effort to amend its claims to **narrow** the relief sought. The only explanation is that CJI wants to continue to overstate and mischaracterize Shearith Israel's actual position, as articulated by Shearith Israel's witnesses and counsel during trial, based on CJI's distortion of statements made years ago at the beginning of this dispute, before any discovery and before Shearith Israel's experts had reviewed the evidence. CJI seems to believe that it is better off misrepresenting Shearith Israel's position, then complaining publicly about it, without even acknowledging the contrary testimony of Shearith Israel's witnesses at trial. That is not a legitimate basis upon which to deny Shearith Israel's motion.

Nowhere does CJI address the fact that Shearith Israel's pre-trial brief comprehensively stated Shearith Israel's position that (1) Shearith Israel paid for and thus was the original owner and possessor of the rimonim; (2) Shearith Israel does not and would not seek eviction of the congregants; and (3) Shearith Israel (unlike CJI) does not seek to wrench the rimonim from Touro Synagogue. Those clear and unequivocal statements, which were backed up by competent testimony at trial, put the lie to CJI's complaint that it would somehow be prejudiced if the pleadings are modified as requested by Shearith Israel to reflect these issues accurately.

CJI cannot credibly claim to have been confused about Shearith Israel's position, which was made clear through Shearith Israel's experts and well before trial. CJI's opposition should be seen for what it is: a poorly-disguised effort to perpetuate its insidious public relations campaign to misrepresent Shearith Israel's position. CJI continues to cry out that the Shearith Israel is coming to evict its congregants, steal its objects of worship, and forever change the Touro Synagogue. All distorted falsehoods. In fact, it is Shearith Israel that has sought throughout this litigation (as well as the centuries preceding it) to preserve the Touro synagogue, its associated ritual objects, its customs, and its worshippers. Meanwhile, CJI has actively sought to change the Synagogue by removing the very religious articles that CJI itself has repeatedly claimed to be an integral part of that institution.

CJI's claims of prejudice cannot be credited. There can be no finding that CJI in any way relied to its detriment on any of the statements that are the subject of Shearith Israel's motion. CJI readily admits that it was aware that Shearith Israel's provenance expert, Dr. Vivian Mann, would offer the opinion that the rimonim were made for and purchased by Shearith Israel. *See* CJI Opposition Brief ("Opp.") at 4-5. CJI questioned Dr. Mann extensively regarding this

conclusion during her deposition and sought to address the merits of this conclusion in its pre-trial briefing, during trial, and during post-trial briefing. *See* Shearith Israel Brief ("Br.") at 4-6.

Likewise, Shearith Israel has repeatedly made clear, both well before and during the trial, that it does not seek to evict or preclude any worshippers, including CJI's congregants, from the Touro Synagogue and that it – unlike CJI – wants the Myer Myers rimonim to stay and be used at Touro Synagogue as long as it remains an active place of worship. Amending the pleadings to reflect Shearith Israel's actual position can prejudice no one.

Finally, CJI's attempt to turn Shearith Israel's motion into a further basis for the removal of Shearith Israel as putative trustee (Opp. at 2-3) does not merit a response herein, and should merit no consideration from the Court. To the extent that CJI attempts to rely on what it claims the Attorney General has "concluded" (Opp. at 3, 13), Shearith Israel notes that the Attorney General is not a party to this action but an *amicus curiae* that has presented its views to the Court, which is the body entrusted with making findings and conclusions on these issues. Even at that, CJI's embrace of the Attorney General's submission is typical CJI pretext: in point of fact, the Attorney General's views destroy CJI's case. The Attorney General asserts that the rimonim are not held in trust at all. And as to the Touro Synagogue, the Attorney General asserts that CJI is not ***the*** beneficiary of any charitable trust (hence CJI has no standing to make any of its trust claims) and that adjudicating CJI's claim for removal of Shearith Israel as trustee is improper since CJI did not timely raise that issue with the Attorney General.

## ARGUMENT

### A. Shearith Israel's Initial Pleadings Were, On Their Face, Made "On Information And Belief"

CJI claims no fewer than six times (Opp. at 1, 3, 4, 6) that Shearith Israel's (mistaken) allegation that Congregation Yeshuat Israel was the "original possessor" of the rimonim was

"not pleaded 'on information and belief'" or was "categorical[]." That is simply and utterly false. Shearith Israel's Counterclaims began: "Defendant Congregation Shearith Israel . . . alleges on personal knowledge for matters relating to itself and ***on information and belief with respect to all other matters***, as follows". ECF No. 6 at 6 (emphasis added). Shearith Israel's Amended Answer and Counterclaims used identical language. ECF No. 8 at 7-8. So did Shearith Israel's Complaint in the New York action – on the very first page. *CSI v. CJI*, 12 CV 8406, ECF No. 1. at 1. Obviously Shearith Israel's contentions regarding Yeshuat Israel and the rimonim are not a "matter[] relating to itself" so those contentions were in fact pleaded "on information and belief" in each of the three pleadings.

Shearith Israel's post-trial rebuttal brief conclusively showed that pleadings made "on information and belief" cannot be considered judicial admissions. *See* ECF No. 97 at 23-24. CJI wholly fails to address this point. CJI's lone case regarding judicial admissions is inapposite (Opp. at 5). In *Lima v. Holder*, 748 F.3d 72, 79 (1st Cir. 2014), a party was bound to his attorney's admission that he had committed a certain crime – an unrebutted fact squarely within the realm of plaintiff's knowledge. There is no indication that the fact in question in *Lima* was pled on information and belief, as was the one at issue here. *Id.* (noting that to be binding on a client, counsel's statements must be "clear and unambiguous") (citation omitted).

Moreover, as CJI concedes, all of these pleadings were filed in the span of two months in late 2012. Opp. at 3. Shearith Israel was sued by CJI, in breach of a standstill agreement, and in the midst of negotiations. An immediate response was needed. Shearith Israel did not have the luxury of combing through 250+ years of records and hiring an expert prior to filing its answer. Fact discovery was months away; expert discovery, more than another year down the line. Under these circumstances, which Shearith Israel was thrust into after being blindsided by CJI's

suit, Shearith Israel "ma[d]e a reasonable investigation (under the circumstances) of the facts and the law" before filing its pleadings. *See* Opp. at 10 (*quoting* 2-11 *Moore's Federal Practice – Civil* § 11.11[2][a] (2015)). And CJI's claim that Shearith Israel must be charged with knowledge of a ledger entry from 1765, which Shearith Israel's expert, Dr. Mann, only located and contextualized over a year later, is disingenuous at best.

### B. Shearith Israel's Amendment Is Proper and Timely

CJI claims, without support, that Rule 15(b) is "narrowly circumscribed" (Opp. at 8). But the text of the Rule belies CJI's arguments. The Rule makes clear that issues "tried by the parties' express or implied consent . . . ***must*** be treated in all respects as if raised in the pleadings." Fed. R. Civ. P. 15(b)(2) (emphasis added). Original ownership of the rimonim was heavily briefed and extensively explored at trial, without objection. *See* Br. at 5-6. CJI's claim that it objected to the issues (*see* Opp. at 11 and n. 3) is simply wrong, and highlights the weakness of CJI's position: CJI seems to believe that its affirmative use of Shearith Israel's pleadings in an attempt to cross-examine Dr. Mann's testimony is somehow equivalent to an objection to that testimony. But this merely underscores that CJI had full prior knowledge of and was wholly prepared for Shearith Israel's "changed" position. CJI's claim that it "had no expectation that CSI would attempt to take back its admissions" (Opp. at 12) is belied by (among other things) Dr. Mann's reports, affidavit, and deposition, extensive *Daubert* briefing, Shearith Israel's pretrial brief, and numerous pretrial statements of counsel.

As for the prejudice claimed by CJI, CJI posits meekly that it "might have litigated the case differently" or that it "could have conducted additional fact depositions" (Opp. at 12). But CJI fails to state just what it might have done differently or what additional facts it might have elicited. In fact, Dr. Mann was questioned at length about initial ownership if the rimonim during deposition so CJI's claim of needing additional fact depositions is disingenuous. Dr.

Mann was also examined and cross-examined extensively regarding Shearith Israel's ledgers without any objection that her testimony was in any way inconsistent with either Shearith Israel's position or CJI's expectations. In light of this, amendment is automatic. *See Sullivan*, 91 F.3d at 248. And CJI does not cite a single case prohibiting post-trial amendment relating to a factual issue addressed at trial (much less one addressed without objection).

Controlling case law also refutes CJI's position. "[T]he trial court may and should liberally allow amendments to the pleadings if prejudice does not result." *Conjugal P'ship Comprised by Joseph Jones & Verneta G. Jones v. Conjugal P'ship Comprised of Arthur Pineda & Toni Pineda*, 22 F.3d 391, 400 (1st Cir. 1994); *see also Commonwealth Land Title Ins. Co. v. IDC Properties, Inc.*, 524 F. Supp. 2d 155, 165-66 (D.R.I. 2007) *aff'd*, 547 F.3d 15 (1st Cir. 2008) (noting that amendment pursuant to Rule 15(b) is liberally granted and allowing amendment). A party cannot show it was prejudiced by such an amendment if the new issues were raised at trial without objection. *See Marston v. Am. Emp. Ins. Co.*, 439 F.2d 1035, 1042 (1st Cir. 1971) (finding no prejudice where the "new claims were fully litigated without objection before amendment was sought"). *See generally* Br. at 4; 6A Charles A. Miller, Arthur R. & Mary Kay Kane, § 1495 at 58 (A "claim of surprise that is not borne out by the facts or an objection to a mere technical addition to the theory of the claim for relief" is not sufficient to avoid a motion to amend).

Contrary to CJI's assertions, Shearith Israel properly invoked Rule 15(b) in order to conform its pleadings to the facts. The rule itself is titled "Amendments During and After Trial", which itself disposes of CJI's argument that amendment was untimely because it was made after the trial. CJI's caselaw does not help its position. In *U.S. v. Davis*, 261 F.3d 1, 58 (1st Cir. 2001) (Opp. at 9), the moving party had attempted to amend its third-party complaint to add an

-6-

entirely new theory of liability more than two years after a court-ordered deadline for any such amendments. CJI's reliance on *DCPB, Inc. v. City of Lebanon*, 957 F.2d 913, 918 (1st Cir. 1992) (Opp. at 9-10) is even wider of the mark: in that case, the trial court disallowed an amendment that "superimpose[d] a new (untried) theory on evidence introduced for other purposes", and that amendment was only made "after trial, verdict, and final disposition of the usual post-trial motions." *DCPB*, 957 F.2d at 918.

Here, as CJI readily concedes, Shearith Israel's position that it paid for and was the original owner of the rimonim was known to CJI since at least November of last year. Br. at 4-6; Opp. at 4-5. CJI took depositions on that claim and addressed it on the merits at trial. Br. at 4-6. CJI even admits that when it asked Dr. Mann regarding the conflict between Shearith Israel's counterclaims and Dr. Mann's opinion, Dr. Mann testified unequivocally that the "statements in the pleading were 'erroneous.'" Opp. at 5 (quoting TR7 50:16-51:11 (Mann)). Once the evidence adduced at trial confirmed Shearith Israel's position, Shearith Israel timely moved to amend its pleadings to conform them accordingly.

Evidently, CJI misapprehends how amendment pursuant to Rule 15(b) works. Granting Shearith Israel's motion does not eliminate the prior statements or preclude CJI from citing them. Nor does it prevent CJI from citing any statements of Shearith Israel witnesses. The motion would merely clarify the record based on the evidence adduced at trial to reflect Shearith Israel's current position on those issues.

C. **The Proposed Amendment Conforms To The Relief Shearith Israel Has Sought Since Well Before Trial Began**

CJI also acknowledges that Shearith Israel's position is in fact the position set forth in the proposed amendment: arguing that at trial Shearith Israel "sought to evict not the congregants but 'only' the congregation" (Opp. at 13), and not even disputing that Shearith Israel seeks to

-7-

keep the rimonim at Touro Synagogue. Shearith Israel now seeks to conform its pleadings to the relief it actually seeks; no more, no less. As CJI's opposition amply shows, without this amendment CJI will continue to mischaracterize Shearith Israel's goals of preserving the Touro Synagogue as an active house of worship and honoring the traditions of Touro's founders while ensuring that the corporate entity currently leasing the Touro Synagogue is abiding by the Indenture with Lease between the parties. This stance is consistent with Shearith Israel's stance at trial, in pre- and post-trial briefing, and in communications sent to CJI's counsel years ago.

## CONCLUSION

For the foregoing reasons, the Court should grant Shearith Israel's Motion and permit the filing of the Second Amended Answer and Counterclaims as attached to and described in Shearith Israel's Motion to Conform (ECF No. 92).

DEFENDANT CONGREGATION SHEARITH ISRAEL,

By its Attorneys,

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI  02903
(401) 274-9200
(401) 276-6611
E-mail: deming.sherman@lockelord.com

/s/ Louis M. Solomon
Louis M. Solomon (Admitted *Pro Hac Vice*)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY  10281
Tel.: (212) 504-6600
Fax: (212) 504-6666
E-mail: Louis.Solomon@cwt.com

July 27, 2015

-9-

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2015, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

/s/ Louis M. Solomon